<hr/>

### WEISS v. TENNANT.

(Superior Court of Buffalo, General Term. December 22, 1892.)

1. TRADE ASSOCIATIONS—RIGHT TO BENEFITS—CONSTRUCTION OF BY-LAWS.

A trade association was organized to benefit its members, and had the right to control them as to when and how long they should work; a system of fines being provided for violation of the rules, and a member being entitled to a certain sum per week in case of a strike. The by-laws provided that the association should appropriate a certain sum towards paying the funeral expenses of deceased members, clear of all fines, in good standing, and not three months in arrears for dues. A previous by-law provided that a member three months in arrears for dues should not be considered in benefit" until one month after he should be clear on the books. *Held*, that the benefits referred to in such by-law were the advantages of constant employment, and indemnity against loss of time on account of a strike, etc., and not the provision as to funeral expenses, and a member who, before his death, paid all his dues, though when paid they were three months in arrears, and who was clear of all fines and in good standing, was entitled to the benefit of such provision.

**2. SAME—PAYMENT OF DUES—ARREARS.**

Where there is nothing in the by-laws of a trade association prohibiting a member several months in arrears for dues from paying the same, and he pays them to the officer designated to collect and receive dues, it is a payment to the association, though the officer does not turn the money over to the financial secretary until after the member's death.

**3. SAME.**

Where there is nothing in the by-laws of a trade association requiring the monthly dues to be paid in advance, they may be paid at any time during the month, and a member who dies before the end of a month without paying that month's dues is not in arrears.

**4. SAME—ACTION FOR BENEFIT—BURDEN OF PROOF.**

In an action against a trade association to recover the benefits guarantied to a deceased member, the burden is on defendant where it claims that deceased had not been a member for the prescribed length of time.

Appeal from municipal court.

Action by Mary Weiss, as administratrix of Henry Weiss, deceased, against Walter B. Tennant, treasurer of the Journeymen Stone Cutters' Association, to recover for the furneral expenses of the decedent. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Henry W. Brendel, for appellant.

Frank M. Loomis, for respondent.

TITUS, C. J. This action was brought in the municipal court to recover $50 for funeral expenses incurred in burying the husband of the plaintiff, as provided by the by-laws of the defendant. The Stone Cutters' Association is an incorporated joint-stock association, of which the defendant Tennant is treasurer. Henry Weiss, the deceased husband of the plaintiff, was a member in good standing before and on the 1st day of January, 1891. He died on the 5th day of June, with his name on the roll of membership of the association. It appears from the by-laws (article 26, § 1) that the membership dues shall be 25 cents a month, but in the statement of facts stipulated by the attorneys for the respective parties the monthly dues of members are 10 cents. As the statement of facts stipulated is controlling as to what was the amount of monthly dues, it is assumed that 10 cents was the amount required to be paid. On the 3d day of June, 1891, Weiss caused to be paid to Michael Scheade the sum of 50 cents, for five months' dues, which said Weiss owed at that time. Michael Scheade was a " shop steward," who, on the 8th day of June, paid said sum of fifty cents to the financial secretary at a meeting held on that day, which sum was received by the association and credited to Weiss. This, under the stipulation of facts, would pay the dues which Weiss was owing the association up to the 1st day of June. By article 32, § 2, of the by-laws, it is made the duty of the shop stewards to collect the initiation fees, dues, and all moneys belonging to the association. This section authorized Scheade to receive the money for Weiss' dues, and constituted him the agent of the defendant for that purpose, and a payment to him was a payment to the society. There is nothing in the by-laws prohibiting a member three months in arrears for dues from paying, and, when he paid the officer designated to collect and receive dues, it was a payment to the association, and

whether Scheade turned it over to the financial secretary before or after Weiss' death does not affect this question.

By article 24, § 3, any member being three months in arrears shall not be considered "in benefit" until one month after he is clear on the books. The benefits to which this section relates are not very clearly pointed out by the by-laws. The association was organized to benefit its members by regulating the price of labor and all other matters appertaining to the trade, and it assumes to say who of its members shall work, and when they shall work, and the price per day they shall receive, and the number of hours they shall work. A member of the association on a strike shall receive from the association six dollars a week. A system of fines and penalties is provided for members who violate the rules of the association. The benefits contemplated by the section evidently refer to the advantage of constant employment, of indemnity for the loss of time in case of a strike, and the facility of employment which a membership in the association affords. By article 37 it is provided that this union shall appropriate the sum of $50 towards defraying the funeral expenses of deceased members who are clear of all fines and in good standing, but no member will be eligible for this provision who is three months in arrears, nor new members until six calendar months have elapsed after date of initation. So far as anything appears in the case, the deceased was in good standing and clear of all fines, and was not at the time of his death three months in arrears for dues, his dues having been paid to the shop steward up to the 1st of June preceding his death, and while he was yet alive. Nothing in the by-laws requiring dues to be paid in advance, his dues for June could be paid at any time during the month. He was not in arrears for his dues for June, as they were not payable until the end of the month. I do not think the by-law providing that members who are in arrears for three months shall not be considered "in benefit" has reference to the provision for defraying funeral expenses of deceased members. The by-law fixes the condition upon which such appropriation for funeral expenses shall be made, and there is nothing in the conditions, namely, "clear of all fines and in good standing, and not three months in arrears for dues," which applies to the deceased. The objection that the deceased had not been a member for six months is not well taken. It does not appear when he was made a member, except that he became a member on or before January 1st, 1891. He was a member at the time of his death, and it was a matter for the defense to show that he had not been a member the required length of time. The court will not presume, in the absence of proof, that he had not been a member for six months, as must be done to sustain the objection. I think, therefore, that the judgment of the court below must be reversed, with costs. All concur.